# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LILLIAN BRENNER : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ALOFT PHILADELPHIA AIRPORT, : <br> STARWOOD HOTELS & RESORTS : <br> WORLDWIDE, INC., STARWOOD HOTELS : <br> & RESORTS, LVP AP AIRPORT, LLC, : <br> LIGHTSTONE GROUP, MARRIOT : <br> INTERNATIONAL, INC., and LIGHTSTONE : <br> PARENT, LLC. : <br> Defendants. : | CIVIL ACTION <br><br> NO. 2:19-cv-00939 |

**ANSWER OF DEFENDANTS, MARRIOTT INTERNATIONAL, INC. AND STARWOOD HOTELS & RESORTS WORLDWIDE, LLC TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

1.  Admitted upon information and belief.

2.  Denied. Upon information and belief, Aloft Philadelphia Airport is a fictitious name and not a recognized legal entity.

3.  Denied. Starwood Hotels & Resorts Worldwide, Inc. is not a properly named Defendant in this matter.

4.  Denied as stated. Starwood Hotels & Resorts is not a properly named Defendant in this matter.

5.  This averment refers to a Defendant other than Answering Defendants, and, therefore, no answer is required.

6.  Denied as stated. It is admitted only that the Lightstone Group is a business entity.

7. Denied as stated. It is admitted that Marriott International, Inc. is a corporation. It is specifically denied that Marriott International, Inc. is a proper Defendant in this matter.

8. Denied. It is specifically denied that Lightstone Parent, LLC is a proper defendant in this matter.

9. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

10. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

11. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

12. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

13. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, deny same and demand strict proof thereof at trial.

14. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, deny same and demand strict proof thereof at trial.

15. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

16. (a)-(l) Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.

17. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, deny same and demand strict proof thereof at trial.

18. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, deny same and demand strict proof thereof at trial.

19. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, deny same and demand strict proof thereof at trial.

20. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, deny same and demand strict proof thereof at trial.

21. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, deny same and demand strict proof thereof at trial.

22. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, deny same and demand strict proof thereof at trial.

WHEREFORE, Answering Defendants hereby demand judgment in their favor and against Plaintiff, with an award of attorney's fees and costs associated with the defense of this litigation.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

23. Plaintiff has failed to state a cause of action for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

24. Plaintiff assumed the risk of all injuries which bars and/or limits all claims.

### THIRD AFFIRMATIVE DEFENSE

25. The negligence of Plaintiff bars and/or limits all claims.

### FOURTH AFFIRMATIVE DEFENSE

26. The claims of Plaintiff are barred and/or limited by the appropriate Statute of Limitations.

### FIFTH AFFIRMATIVE DEFENSE

27. Plaintiff has released Defendants.

### SIXTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred because of the doctrines of single controversy, merger and bar, res judicata and/or collateral estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

29. Plaintiff's damages and/or losses, if any, were caused by the acts of third parties over whom Answering Defendants had no control or right of control.

## EIGHTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred because of the doctrine of superseding and/or intervening cause.

## NINTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred by Pennsylvania law.

## TENTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred and/or limited by the application of the Pennsylvania Comparative Negligence Act.

## ELEVENTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are limited and/or barred for failing to mitigate her damages.

## TWELFTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are limited and/or barred for failing to name indispensable parties.

WHEREFORE, Answering Defendants hereby demand judgment in their favor and against Plaintiff.

**WOOD SMITH HENNING & BERMAN, LLP**

By: */s/ Elizabeth A. Chalik*
Elizabeth A. Chalik, Esquire (No. 88157)
1760 Market Street, Ste. 1001
Philadelphia, PA 19103
(215) 709-2250
(215) 709-2251 - Fax
*Attorney for Defendants,*
*Marriott International, Inc., Starwood*
*Hotels & Resorts Worldwide, LLC,*
*incorrectly named as Starwood Hotels &*
*Resorts Worldwide, Inc. and*
*Starwood Hotels & Resorts*

Dated: April 8, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LILLIAN BRENNER : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> ALOFT PHILADELPHIA AIRPORT, : <br> STARWOOD HOTELS & RESORTS : <br> WORLDWIDE, INC., STARWOOD HOTELS : <br> & RESORTS, LVP AP AIRPORT, LLC, : <br> LIGHTSTONE GROUP, MARRIOT : <br> INTERNATIONAL, INC., and LIGHTSTONE : <br> PARENT, LLC. : <br>     Defendants. : | CIVIL ACTION <br><br> NO. 2:19-cv-00939 |

## **CERTIFICATE OF SERVICE**

    I, Elizabeth A. Chalik, Esquire, hereby certify that on this 8th day of April 2019, I caused to be served a true and correct copy of the foregoing Answer With Affirmative Defenses via the Court's Electronic Filing System upon the following counsel of record and via U.S. First Class Mail to unrepresented parties:

Jeffrey M. Rosenbaum
Rosenbaum & Associates, P.C.
1818 Market Street, Suite 3200
Philadelphia, PA 19103
*Attorney for Plaintiff*


Aloft Philadelphia Airport
4301 Island Avenue
Philadelphia, PA 19153
*Unrepresented Party*

Lightstone Parent, LLC
Lightstone Group
LVP AP Airport, LLC
460 Park Avenue, 13th Floor
New York, NY 10022
*Unrepresented Party*


**WOOD SMITH HENNING & BERMAN, LLP**


By: */s/ Elizabeth A. Chalik*
    Elizabeth A. Chalik, Esquire (No. 88157)
    1760 Market Street, Ste. 1001
    Philadelphia, PA 19103
    (215) 709-2250
    (215) 709-2251 - Fax
    *Attorney for Defendants,*
    *Marriott International, Inc., Starwood*
    *Hotels & Resorts Worldwide, LLC,*
    *incorrectly named as Starwood Hotels &*
    *Resorts Worldwide, Inc. and*
    *Starwood Hotels & Resorts*